UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME J. MINCHACA,<br><br>             Plaintiff,<br><br>       v.<br><br>U.S. MARSHAL SERVICE, et al.,<br><br>             Defendants. | No.  2:15-cv-00570 AC P<br><br><br><br>ORDER |

    Plaintiff is a federal prisoner proceeding pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  See ECF No. 5.

    Review of the complaint fails to demonstrate that this court has jurisdiction to consider plaintiff's claim and requested relief.  Plaintiff states that he is incarcerated at the North Fork Correctional Facility in Oklahoma.  The named defendants are the United States Marshal Service and the Director of Federal Revocation.  The statement of claim provides in full:  "I requested to be returned to California for concurrent service of term C Warrant # CR0500235R that is unexpired."  ECF No. 1 at 3.  The requested relief states in full:  "I request that I be transferred back to California by the U.S. Marshal[] to a federal facility so that my terms may run concurrent on my federal violation #30652112."  Id.  Plaintiff cites In re Stoliker, 49 Cal. 2d 75 (1957),

1  which authorizes the imposition of concurrent sentences.

2  The last cited number appears to be plaintiff's Federal Bureau of Prisons (BOP) identification number. However, plaintiff does not identify the federal district in which he was convicted. Review of the dockets in this United States District Court for the Eastern District of California, and the three United States District Courts for Oklahoma fails to identify plaintiff's underlying federal prosecution. This court is also unable to locate any reference to plaintiff's putative California conviction on review of the California Courts' website and Westlaw.[1]

It appears clear that plaintiff seeks transfer to a federal correctional facility in California, with the hope of serving his federal sentence concurrently with a state sentence. However, this court has no authority to direct the United States Marshal to transfer a prisoner from one prison to another.[2] This court is also unable to identify the putative "Director of Federal Revocation."

---

[1] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] Prisoners have no Due Process or Eighth Amendment right to an inter-institutional transfer:

> A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (citing Meachum, 427 U.S. at 225) (intrastate prison transfer does not implicate Due Process Clause); Olim, 461 U.S. at 244-48 (interstate prison transfer does not implicate Due Process Clause)); see also Stewart v. McManus, 924 F.2d 138 (8th Cir. 1991) (no due process rights implicated in transfer from state to federal prison). A non-consensual transfer is not violative of either due process or equal protection rights, see Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); Stinson v. Nelson, 525 F.2d 728, 730 (9th Cir. 975), and no due process protections such as notice or a hearing need be afforded before a prisoner is transferred, even if the transfer is to a considerably less favorable institution, see Montanye v. Haymes, 427 U.S. 236, 242 (1976); Johnson, 948 F.2d at 519; see also Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir.1989) (transfer from work release center back to prison does not implicate due process nor equal protection rights). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002).

(continued…)

2

If plaintiff is attempting to challenge the duration of his sentence(s), he must do so pursuant to a petition for writ of habeas corpus. See 28 U.S.C. § 2254 (challenge of state conviction or sentence), and § 2255 (challenge of federal conviction or sentence). While there is no indication that this court would be the appropriate venue for plaintiff's habeas petition, review of a properly-completed petition may provide insight into the appropriate venue. Plaintiff is informed that a civil rights action filed pursuant to 42 U.S.C. § 1983 is limited to challenging the conditions of his confinement at the North Fork Correctional Facility. Again, there is no indication that a cognizable civil rights complaint filed by plaintiff would proceed in this court, but an amended complaint may direct this inquiry.

The court will not review plaintiff's in forma pauperis application at this time, thereby allowing plaintiff to choose whether to proceed with this action by filing an amended civil rights complaint (invoking the $350.00 filing fee) or a habeas petition ($5.00 filing fee). No fee will be assessed should plaintiff choose to voluntarily dismiss this action.

For these several reasons, IT IS HEREBY ORDERED that:

1. The complaint, ECF No. 1, is dismissed.

2. Within thirty days after the filing date of this order, plaintiff may file an amended pleading (an amended civil rights complaint or a federal habeas petition challenging his state or federal sentence), or request voluntary dismissal of this action.

3. Should plaintiff file an amended pleading, the court will then assess the merits of his in forma pauperis application (which is now complete).

---

> Moreover, transfers from one prison to another do not violate the Eighth Amendment. See Sisbarro v. Massachusetts State Penitentiary, 592 F.2d 1, 4-5 (1st Cir.), cert. denied, 444 U.S. 849 (1979). Loss of a prison job, assigning an inmate to a prison far from his family and friends, and the like, which result from interprison transfers, are not constitutionally protected interests. See Olim, 461 U.S. at 247 (prison transfers constitutional even where they involve "long distances and an ocean crossing"); Davis v. Carlson, 837 F.2d 1318, 1319 (5th Cir. 1988) (no right to transfer to prison near wife).

Perez v. Curry, 2007 WL 2900492, *1-2 (N.D. Cal. 2007) (M. Jenkins, District Judge).

3

4. The Clerk of Court is directed to send plaintiff, together with a copy of this order, blank copies of the following form pleadings: (1) civil rights complaint pursuant to 42 U.S.C. 1983, (2) habeas corpus petition pursuant to 28 U.S.C. § 2254, and (3) habeas corpus petition pursuant to 28 U.S.C. § 2255.

5. Failure to timely file an amended pleading will result in the dismissal of this action without prejudice.

DATED: May 1, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE